UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cr-00378-JMS-MJD |
| ) | |
| WILLIAM ERIC MEEK (01), ) | |
| ) | |
| ) | |
| ) | |
| Defendant. ) | |

**ORDER**

On July 30, 2020, Defendant William Eric Meek filed a Motion to Travel Outside the United States. [Filing No. 82.] In his motion, Mr. Meek "requests that the Court permit him to travel to Playa Del Carmen, Mexico to celebrate his fortieth birthday with his wife and close friends." [Filing No. 82 at 1.] The Government has filed a response in which it opposes Mr. Meek's motion. [Filing No. 85.]

Mr. Meek's conditions of pretrial release required him to surrender his passport to the U.S. Probation Office and restricted his travel to the Southern District of Indiana, unless pre-approved by the U.S. Pretrial Services Agency ("Pretrial Services"). [Filing No. 22 at 2.]

In his motion, Mr. Meek requests that he be permitted to travel to the Valentin Imperial Riviera Maya Resort[1] (the "Resort") in Mexico from September 3, 2020 to September 9, 2020. [Filing No. 82 at 1-2.] He plans to travel with his wife and other couples to celebrate his fortieth birthday. [Filing No. 82 at 1.]

---

[1] Mr. Meek's itinerary documents show that the Resort is an Adults-only resort. [Filing No. 82-1 at 5.]

1

Mr. Meek contends that he is not a flight risk and that this trip was not made to avoid standing trial in this case. [Filing No. 82 at 2.] Mr. Meek argues that because the vacation was booked and paid in full four days before his indictment and arrest, any concerns regarding non-appearance are not valid. [Filing No. 82 at 1.] Mr. Meek also contends that "while the [Covid-19] pandemic is certainly serious and not to be taken lightly, Mr. Meek intends to continue to follow all appropriate health, safety, and travel rules and guidelines to ensure he keeps himself and others safe." [Filing No. 82 at 5.] Mr. Meek adds that his Pretrial Services Officer has no objection to his planned vacation. [Filing No. 82 at 3.]

Additionally, in support of his request, Mr. Meek has offered the Court several assurances: the other couples with whom the Meeks plan to travel have no connection to this case; Mr. Meek intends to provide Pretrial Services with a detailed itinerary and prompt updates of any changes thereto; and Mr. Meek is willing to provide his children's passports to Pretrial Services to hold until he returns from his vacation. [Filing No. 82 at 2.]

The Government opposes Mr. Meek's motion. [Filing No. 85 at 1.] It notes that Mr. Meek's request is not "tethered to his defense or trial preparation," nor does he seek to travel to attend an extraordinary or exceptional event, such as a wedding, funeral, or to visit a sick relative. [Filing No. 85 at 1.] The Government asserts that foreign travel "is almost definitionally a high-risk activity under 18 U.S.C. § 3142(g)." [Filing No. 85 at 2-3.] The Government also argues that the ongoing Covid-19 pandemic heightens its concerns. It notes that both the United States and Mexico have had various travel restrictions, and "[i]t is certainly within the realm of possibility that travel between the United States and Mexico would be restricted as the virus continues to spread in both countries. If that happens, and [Mr.] Meek becomes trapped outside the United States due to COVID-19 restrictions, it would risk non-appearance." [Filing No. 85 at 3-4.] The

Government emphasizes that Mr. Meek's itinerary indicates that he does not stand to lose money if he is unable to travel because he purchased trip insurance, and maintains that if Mr. Meek requested to travel within the United States, it would likely not oppose such a request. [Filing No. 85 at 3-4.] The Government also asserts that Mr. Meek's offer to provide his children's passports is "inappropriate and ineffectual." It argues that if Mr. Meek indeed chose to flee, "it would not be appropriate for the government to seek recourse against his children by refusing to return their passports and barring their foreign travel to keep them [from] reuniting with their parents." [Filing No. 85 at 5.] The Government concludes that Mr. Meek's current conditions of pretrial release are not stringent and appropriately balance the seriousness of the charges and relatively low risk of flight Mr. Meek posed.

    The Court finds that Mr. Meek's requested international travel is not advisable. As an initial matter, international travel generally increases the risk of flight. Moreover, the reason for the travel – Mr. Meek's fortieth birthday – is not the sort of extraordinary event that presents good cause to incur such a risk. Additionally, it appears that Mr. Meek purchased trip insurance, indicating that he will not lose the money he paid for his trip. [Filing No. 82-1.] Though the Court is sympathetic to the couples planning to travel with Mr. Meek and recognizes that their plans might now be in limbo, Mr. Meek elected to wait until July 30 to raise this issue with the Court. As Mr. Meek pointed out, he planned this vacation in early December 2019, and he was indicted and arrested four days later. [Filing No. 82 at 1.] More than eight months have passed since he booked his vacation and was arrested and indicated, but Mr. Meek elected to wait until five weeks before the vacation to file his request. The Court also agrees with the Government that Mr. Meek's offer to use his children as collateral to ensure his return is inappropriate. Though the Court does

not doubt that Mr. Meek loves his children, it will not allow him to use them as negotiating pieces in an attempt to take a week-long vacation to an adults-only resort.

Finally, the uncertainties presented by international travel during the global Covid-19 pandemic also compel a risk-averse approach. The United States currently has several Covid-19-related travel restrictions concerning travel to and from Mexico. *See Travel Restrictions - Fact Sheet*, U.S. Embassy & Consulates in Mexico, available at https://mx.usembassy.gov/travel-restrictions-fact-sheet/. Moreover, many airlines and travel entities have restrictions in place for individuals presenting possible symptoms of the virus, further increasing the risk that Mr. Meek may be trapped outside the United States.

In sum, the Court finds that Mr. Meek's request to travel international seeks to relax the conditions of pretrial release to an impermissible degree. Therefore, Mr. Meek's Motion to Travel Outside the United States, [82], is **DENIED**.

Date: 8/7/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record.**